[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10143
Non-Argument Calendar

_____

D. C. Docket No. 05-02133-CV-T-17-TBM

DAVID ARMANDO BUTLER,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,
BILL MCCOLLUM, Attorney
General of the State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 21, 2008)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

David Armando Butler, a Florida state prisoner proceeding pro se, appeals the district court's denial of his pro se habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We granted Butler's application for a certificate of appealability ("COA") for the following issue:

> Whether, in light of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), the district court failed to address Butler's claim that the prosecution withheld exculpatory evidence in the form of an officer's report that Butler had confessed, in violation of Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963).

The scope of our review is limited to this issue. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (addressing a § 2255 motion).

In Clisby, out of "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners," we exercised our supervisory authority, and instructed district courts "to resolve all claims for relief raised in a petition for writ habeas corpus, pursuant to 28 U.S.C. § 2254, regardless of whether habeas relief is granted or denied." 960 F.2d at 935-36. "A claim for relief" is "any allegation of a constitutional violation." Id. at 936. "[A]n allegation of one constitutional violation and an allegation of another constitutional violation constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts." Id. When a district court fails to address all of the

2

claims in a habeas petition, we "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims . . . ." Id. at 938.

In the case at hand, the district court apparently overlooked our ruling in Clisby by failing to address all of the claims asserted in Butler's § 2254 petition. The record reveals, and the state concedes, that the district court failed to resolve Butler's claim that the prosecution violated Brady by withholding a police report stating that Butler had confessed.

VACATED AND REMANDED.